## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **KAITLYN PORTER** <br> 3664 Soft Wind Dr. <br> Columbus, OH 43232 | : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | CASE NO. 2:22-cv-3351 |
| v. | : <br> : | JUDGE |
| **PAXE LATITUDE LP** <br> 139 Ocean Ave. <br> Lakewood, NJ 08701 | : <br> : <br> : <br> : | MAGISTRATE JUDGE |
| Defendant. | : <br> : <br> : <br> : <br> : | **Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Kaitlyn Porter ("Plaintiff") and proffers this Complaint for damages against Defendant Paxe Latitude LP ("Defendant").

### JURISDICTION AND VENUE

1. All counts contained herein are brought pursuant to the laws of the United States, therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112").

3. This Court's jurisdiction in the matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

1

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant does significant business in the Southern District of Ohio, where all of the events in question took place.

5. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of her Right to Sue letter from the EEOC, a copy of which is attached hereto as Exhibit A.

## THE PARTIES

6. Plaintiff is a natural person residing in Franklin County, Ohio.

7. Defendant is a foreign limited partnership doing business in the Southern District of Ohio.

8. At all times relevant herein, Plaintiff was an employee of Defendant as defined by Title VII and R.C. Chapter 4112.

9. Defendant is an employer as defined by Title VII and R.C. Chapter 4112.

## FACTUAL BACKGROUND

10. Plaintiff was hired by Defendant in or around July 2020 as a property manager for the Latitude Five25 apartment complex.

11. Plaintiff's employment was devoid of any significant performance or disciplinary issues.

12. In or around 2021, Defendant was fined by the City of Columbus due to environmental code violations at the Latitude Five25 apartment complex.

13. Plaintiff helped Defendant navigate the case against the City by working with Defendant's attorneys to resolve the issues, including conducting evictions and obtaining photos, evidence, and receipts whenever they were requested.

14. In or around January 2022, while Defendant's case against the City was ongoing, Plaintiff announced her pregnancy to the company.

15. On or about March 15, 2022, Plaintiff began experiencing Braxton Hicks contractions (false labor), and took the day off work. After realizing that she was not yet in labor, Plaintiff worked part time until she came back to work full time on or about March 19, 2022.

16. Plaintiff asked a Human Resources representative named Suzanne (last name unknown) about her options regarding maternity leave. The representative informed her that she was not eligible for maternity leave because she had not been with the company long enough to qualify for leave under the Family and Medical Leave Act ("FMLA").

17. On or about March 18, 2022, Plaintiff had a phone conference with Defendant's attorneys who had no complaints about her work or assistance in the case against the City.

18. Plaintiff received no negative communications about her performance from Defendant's attorneys.

19. On or about March 19, 2022, the same day Plaintiff returned to work from pregnancy-related symptoms, she was abruptly issued a final written warning by CEO Jonathan Balsam for failing to provide evidence to Defendant's attorneys in a timely manner. This is contrary to Mr. Balsam's call with Plaintiff the previous week during which Mr. Balsam said Plaintiff's job performance was satisfactory, and contrary to her call with Defendant's attorneys the previous day.

20. Plaintiff took the day off work on April 6, 2022 to deliver her baby.

21. Plaintiff was available to Defendant every day after that and began working from home the following day on April 7, 2022.

22. On or around April 9, 2022, Plaintiff reported to her Regional Manager that she observed her email login credentials and manager login credentials being used at another IP address.

23. Shortly thereafter, Plaintiff returned to the office to pick up paperwork and found an unidentified employee sitting at her desk, which was located inside of her office that had been previously locked.

24. On or around April 13, 2022, Defendant terminated Plaintiff, exactly one week after giving birth to her baby and being denied a reasonable time off for pregnancy and childbirth.

25. Defendant gave a pretextual reason for firing Plaintiff: that she had deleted emails from her company account. Just days earlier, Plaintiff reported that her account credentials had been compromised.

26. Immediately after Plaintiff's termination, her job was posted as available for a higher rate of pay.

27. Defendant terminated Plaintiff because Defendant did not want to accommodate Plaintiff's pregnancy and provide her with any time off for pregnancy and childbirth.

## COUNT I
### Pregnancy Discrimination – Title VII

28. All of the preceding paragraphs are realleged as if fully rewritten herein.

29. At all times material herein, Plaintiff was pregnant or affected by pregnancy.

30. Defendant was aware of Plaintiff's pregnancy.

31. Plaintiff was qualified for her job as a property manager.

32. Plaintiff had no disciplinary actions on record until March 2022, when she took time off for her pregnancy and asked Defendant about taking maternity leave for the birth of her child in April.

33. Immediately after Plaintiff took time off for her pregnancy and inquired about maternity leave, Defendant placed her on a final written warning

34. Plaintiff was subjected to an adverse employment decision when she was terminated by Defendant and immediately replaced by an individual outside the protected class.

35. Defendant terminated Plaintiff because of her pregnancy.

36. Defendants treated similarly situated, non-pregnant employees more favorably than it treated Plaintiff.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

38. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT II
**Pregnancy Discrimination – Ohio Civil Rights Act**

39. All of the preceding paragraphs are realleged as if fully rewritten herein.

40. At all times material herein, Plaintiff was pregnant or affected by pregnancy.

41. Defendant was aware of Plaintiff's pregnancy.

42. Plaintiff was qualified for her job.

43. Plaintiff was subjected to an adverse employment decision when she was terminated by Defendant.

44. Defendant terminated Plaintiff because of her pregnancy.

45. Defendant treated similarly situated, non-pregnant employees more favorably than it treated Plaintiff.

46. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

47. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Jamie R. Bailey*

Jamie R. Bailey (0099789)
Rachel Sabo Friedmann (0089226)
Peter G. Friedmann (0089293)

6

**The Friedmann Firm LLC**
3740 Ridge Mill Drive
Columbus, OH 43207
614-639-6477 (Phone)
614-737-9812 (Fax)
Rachel@thefriedmannfirm.com
Jamie@thefriedmannfirm.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Jamie R. Bailey*

Jamie R. Bailey (0099789)